UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEEN RESCUE and CARLTON WILLIAMS, as an individual and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, Attorney General of the State of California, in his official capacity; et al.,<br><br>Defendants. | No. 2:19-cv-00457-JAM-EFB<br><br>**ORDER DENYING PLAINTIFFS' EMERGENCY APPLICATION AND MOTION FOR A TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on a Motion for a Temporary Restraining Order ("TRO") filed by Plaintiffs Teen Rescue and Carlton Williams (collectively, "Plaintiffs"). TRO, ECF No. 10. Defendants Xavier Becerra and William Lightbourne filed an opposition to the motion, ECF No. 16, and Defendant Butte County Department of Children's Services Division has not yet been served, ECF No. 9. For the reasons stated below, the Court DENIES Plaintiffs' Motion for a Temporary Restraining Order.

///

///

1

**I.  OPINION**

The facts and procedural history, as set out in the briefing, are familiar to the parties. The Court will not recite them here except as necessary to explain the Court's disposition.

**A.  <u>Younger Abstention</u>**

Defendants assert that the Court need not consider the merits of this case based on the <u>Younger</u> abstention doctrine. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971). "<u>Younger</u> abstention is grounded in a 'longstanding public policy against federal court interference with state court proceedings.'" <u>Herrera v. City of Palmdale</u>, 918 F.3d 1037, 1043 (9th Cir. 2019) (quoting <u>Younger</u>, 401 U.S. at 43). The doctrine permits courts to "preserve respect for state functions such that the national government protects federal rights and interests in a way that will not 'unduly interfere with the legitimate activities of the States.'" <u>Id.</u> (quoting <u>Gilbertson v. Albright</u>, 381 F.3d 965, 970 (9th Cir. 2004) (en banc)).

<u>Younger</u> permits abstention in three categories of cases: "(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." <u>Id.</u> (quoting <u>ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 759 (9th Cir. 2014)). "To warrant <u>Younger</u> abstention, a state civil action must fall into one of the [above] categories, and must also satisfy a three-part inquiry: the state proceeding must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity ... to raise

constitutional challenges.'" Id. at 1044 (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Should a case fall into one of the three categories of state proceedings and meet all three Middlesex factors, the Court may abstain if "the federal action would have the practical effect of enjoining the state proceedings." ReadyLink, 754 F.3d at 759.

Here, the facts support Younger abstention. In September 2018, the California Department of Social Services began its investigation into allegations that River View Christian Academy ("River View") was an unlicensed community care facility. The Department applied for and received an inspection warrant from Shasta County Superior Court in January 2019. Following subsequent inspection, the Department issued Notices of Violation of Law to Teen Rescue and other non-parties on April 2, 2019. Between issuance of the warrant and the Notices of Violation, Plaintiffs filed this case on March 13, 2019. See Compl., ECF No. 1. Although Plaintiffs sought injunctive relief in their original complaint, they did not move for a temporary restraining order until April 5, 2019. No proceedings on the merits of this case have transpired. Thus, the Court finds that there is an ongoing state proceeding, satisfying the state proceedings inquiry and the first of the Middlesex factors. See Doran v. Salem Inn, Inc., 422 U.S. 922, 929 (1975) (finding that commencement of state proceedings only ceases to require federal abstention after the federal court proceedings have moved beyond an "embryonic stage").

Additionally, this case implicates important state

3

interests.  California enacted the Community Care Facilities Act "to establish a coordinated and comprehensive statewide service system of quality community care" for individuals who require care from a licensed facility.  Cal. Health & Safety Code § 1501(a).  The Act seeks to ensure that facilities offer adequate, safe, and sanitary care and to protect the legal and human rights of individuals receiving care at facilities.  Id. at § 1501(b).  California controls the oversight and licensure of state community care facilities, a field "over which federal courts have no general jurisdiction . . . and in which the state courts have a special expertise and experience."  H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Additionally, California has a legitimate interest in protecting the health, safety, and welfare of vulnerable children.  Cf. Baker v. Racansky, 887 F.2d 183, 187 (9th Cir. 1989) (noting "the difficult balancing of a family's right to autonomy against the state's interest in protecting minor children from abuse.").

Lastly, there is an opportunity for Plaintiffs to raise challenges within the state court proceeding.  "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."  Middlesex, 457 U.S. at 431.  See Younger, 401 U.S. at 45 ("The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.").  There is no evidence to suggest that the state court proceeding would not offer the opportunity to challenge the Community Care Facilities

4

Act's applicability to River View or whether the Act intrudes upon First Amendment protections.

Accordingly, as to Plaintiff Teen Rescue's claim, the Court will apply <u>Younger</u> abstention. As Teen Rescue has only requested injunctive and declaratory relief and does not seek damages, it is appropriate to dismiss Teen Rescue's claim. <u>See</u> <u>Gilbertson</u>, 381 F.3d at 981.

### B. <u>Temporary Restraining Order</u>

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injuctions or temporary restraining orders. Plaintiffs seeking these forms of injunctive relief must demonstrate (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. <u>Am. Trucking Ass'ns v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7 (2008)).

Temporary restraining orders are emergency measures, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate. Fed. R. Civ. Proc. 65(b)(1). This district's local rules further specify that the Court will consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." E.D. Cal. L.R. 231(b).

Although the Court is not convinced that <u>Younger</u> abstention

bars Plaintiff Carlton Williams's claims, the Court does not find that he has carried his burden to justify the extraordinary remedy of a temporary restraining order. There is no evidence to support that Williams is in any danger of suffering immediate, irreparable harm. Plaintiffs' discussion of harm focused on the Notice of Violation issued to Teen Rescue and other non-parties. TRO, ECF No. 15, pp. 10-11. There is no argument that the notices subject parents to any danger of fine or prosecution. See Opp'n at 19 n.4. Because the Supreme Court standard "requires plaintiffs seeking [injunctive] relief to demonstrate that irreparable injury is <u>likely</u> in the absence of an injunction," the motion here must be denied because there is no evidence of any possible harm to Plaintiff Williams. <u>Winter</u>, 555 U.S. at 22.

## II. ORDER

After careful consideration of all papers filed by the parties,

1. The Court DENIES Plaintiffs' Motion for a Temporary Restraining Order; and
2. The Court DISMISSES Plaintiff Teen Rescue's claim with prejudice.

IT IS SO ORDERED.

Dated: April 11, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE